of Winchester against Jackson, which had been dismissed on the motion of Jackson, with costs, at a former term.

MILNOR, now shewed cause, and contended, that Jackson was not liable to the clerk for his fees, inasmuch as Jackson was the Defendant in error, and the writ of error had been dismissed with costs. The clerk must look to the Plaintiff in error for all the costs. The bill, which had been rendered, included the expense of a copy of the record, which is not regularly taxable as costs, and therefore the non-payment of that charge can be no ground for an attachment.

DUVALL, J. In Maryland, each party pays to the clerk his own fees; that is, the fees for those services which the clerk has performed *for him*; and the successful party recovers them from his antagonist. If either party requires a copy of the record he must pay for it, as for any other service performed; but it is not a part of the costs which are to be taxed against the other party, as costs of suit.

*March 13th....All the Judges being present,*

MARSHALL, *Ch. J.* stated the opinion of the Court to be, that each party was liable to the clerk for his fees for services performed for such party; and it is immaterial to the clerk which party recovers judgment.

*Rule absolute.*

CALD-
WELL
*v.*
JACKSON.

*[margin note:]* f es due to him from each party respectively.

A copy of the record, is not a part of the taxable costs of suit to be recovered by one party against the other; but the party, who requests the copy, must pay the clerk for it.

---

## BLACKWELL *v.* PATTEN AND OTHERS.

1812.
March 13th.

JONES, *for the Defendants in error*, moved this Court to dismiss the writ of error, because it bore teste of *February term, 1810*, was issued in *September, 1810*, and was returnable to *February term, 1811*, whereas it ought to have been tested of *August term, 1810*. The Plaintiff in error, aware of this objection, has sued out another writ of error, which stands on a subsequent part of the docket.

*[margin note:]* A writ of error issued in September may bear teste of the February term preceding, and may be returnable to the next February term, notwith-

BLACK-
WELL
v.
PATTEN &
OTHERS
standing the
intervention of
the August
term between
the teste and
return of the
writ.

CAMPBELL, *on the same side.* *August* term is as much a term for *teste* and *return of writs* as *February* term. Suppose the writ bore teste ten years ago: it might as well be made returnable to February term, 1811, as this writ which bore teste of February term, 1810. If *tested* of February term, 1810, it ought to have been returnable to August term, 1810, and not to February term, 1811.

The *appearance* of the Defendants in error only cures the want of a citation, not a fault in the writ of error itself.

*March 14th.....All the Judges being present,*

The COURT refused to quash or dismiss the writ of error on account of the irregularity of its *teste.*

---

## WALLEN v. WILLIAMS.

1812.

March    13.

*Present.....All the Judges.*

This Court
will not quash
an execution
issued by the
Court below to
enforce its de-
cree pending
the writ of er-
ror, if the writ
of error be not
a supersedeas
to the decree.

ERROR to the Circuit Court of the district of Tennessee, to reverse a decree in Chancery. The Court below had issued a writ of *habere facias possessionem* to enforce its decree    The writ of error was too late to be a *supersedeas* to the decree.

JONES, *for the Plaintiff in error,* now moved to quash the writ of *habere facias* as irregular, and contended that the Court below, sitting as a Court of Chancery, under the laws of Tennessee, could only enforce by execution decrees *for the payment of money,* and cited *Tennessee Laws,* Ed. 1807, p. 158. § 2.

P. B. KEY, *contra.* This Court has no jurisdiction to quash an execution issued from the Court below, *and executed.* But if this Court had the power to do it, it would not in its discretion quash a process which has merely carried into effect the decree of the Court below. If the *decree* be reversed upon the merits, the ex-